ALBANY,
Feb. 1826.

Ex parte
Smith.

</div>

---

## *Ex parte* SMITH.

SMITH was committed on this warrant : " Police Office, city of Albany. The gaoler will receive, and safely keep

Form of commitment to gaol, for farther examination by a justice.

A state magistrate may commit for farther examination touching a crime against the United States.

On *habeas corpus,* a prisoner who had been committed by a state magistrate for further examination, touching a robbery of the United States mail, was remanded, without any cause being shown by the attorney general ; the prisoner having been in custody but a short time.

for farther examination, George W. Smith, who is charge⸱
with having been engaged in, or accessory to a robbery of
the United States mail. March 14, 1826.

<div align="right">J. O. Cole, Justice of the peace."</div>

The warrant was not sealed.

March 16th. The prisoner being brought up by *habeas
corpus.*

*J. V. N. Yates* moved, that he be discharged. The affidavit of the prisoner, on which the writ was allowed, stated that he understood the charge against him to be that of robbing the mail between Baltimore and Philadelphia; and that, on making due enquiries, he found he was not confined on any process, nor on the demand, as far as he could learn, of the executive of any state; nor upon any process from any of the U. S. Courts.

*Yates* said, that, from the view he had taken of the case it was unnecessary to criticise the order of commitment made by the police magistrate. The offence being against a law of the United States. (U. S. Const. Art. 3, Ingersol's Dig. 688,) a state magistrate has no jurisdiction. (1 Wheat. 330.) This general position would, probably, not be disputed by the Attorney General. He would, most likely contend that the state magistrate might commit for trial before the U. S. tribunals; but the decision cited from Wheaton involved this question also. He admitted that congress had, in terms, conferred this power upon state magistrates; (vid. 4 Laws U. S. 302, s. 35;) but the case in Wheaton, and *The United States* v. *Lathrop,* (17 John. Rep. 4,) both concur in denying that they could constitutionally do this. The courts of the United States have exclusive jurisdiction. If the magistrate acts judicially, of which he supposed there could be no doubt, he comes within the cases cited. This court had, he was aware, in a similar case, remanded prisoners, in order to secure their forthcoming, on the demand of the United States; (*The People* v. *Lynch,* 11 John. Rep. 554, note;) but this was contrary to the views taken of the subject in the more recent cases. The prisoner cannot be remanded, if there is a want of jurisdiction.

The offence was committed out of this state; and there is also a want of jurisdiction on this ground.

*Talcott,* (Attorney General,) declined reading affidavits to justify the detention of the prisoner; on the ground that 'his might lead to disclosures unfavourable to the prosecu-.ion. He admitted that the state tribunals had not the power finally to try for the crime charged; but we could detain the prisoner, till his trial should be provided for by the proper authority; and that should be for such reasonable time as would enable the general government to apply for and take the prisoner into their custody. This had been held of a foreign government, to whom we were bound only by the law of nations. (In the matter of *Washburn,* 4 John. Ch. Rep. 106.) And is our obligation less, in reference to our own federative government? Heath, J. in *Muir* v. *Kaye,* (4 Taunt. 43,) said that such has always been the law, even as to nations properly foreign. That we may detain and deliver up offenders for crimes against other states, has never been questioned; and this court have holden it to be their duty to do so.

This commitment is merely for farther examination. No formality is necessary in such a commitment. It may be by a verbal warrant; no crime need be specified. The order in question is in the usual form, and is sanctioned by the authorities. The prisoner may be committed to the county gaol, or otherwise secured for this purpose, and detained a reasonable time, according to the exigencies of each particular case. Twenty days, or more, may not be an unreasonable time. (1 Chit. C. L. 73, 4.)

*Yates,* in reply, did not deny that a magistrate might commit for further examination; but insisted that this depends on his having jurisdiction. If that be wanting, he certainly cannot commit for examination, or for any other purpose. The doctrine of Chancellor Kent, taken in the extent contended for by the Attorney General, is fraught with much mischief. It would warrant a magistrate in detaining for examination, till proof could be obtained from the cape of Good Hope, or any other distant quarter

<div style="float:left">ALBANY,<br>Feb. 1826.<br><br>Ex parte<br>Smith.</div>

of the world. The comity of nations will certainly not demand this in relation to any crime short of murder ; and it was held not to reach a case of that aggravated nature, by Chief Justice Tilghman who, with the case of Washburn, before him, refused to act upon it. (a) The remedy given by the constitution of the United States is fully adequate. The fugitive must be demanded by the executive, to warrant his being delivered up.

[SUTHERLAND, J. But the governor of another state may know nothing of the arrest. A reasonable time must be allowed for giving him notice.]

[WOODWORTH, J. Detaining a prisoner by state authority, in order that he may be delivered over for prosecution to the United States, is, by no means, an unusual exercise of power. This court has repeatedly sanctioned such a proceeding ; and in one case very lately.]

*Yates.* At any rate, this is a matter of discretion with the court; and they should require proof of the Attorney General, that there is, at least, probable cause for the detention.

SAVAGE, Ch. Justice. If here had been unreasonable delay, that would be a ground of discharge, unless probable cause could be shown. But a very short time has elapsed since the commitment; and we are clear, that, for the present, the prisoner must be remanded for further examination.

<div style="text-align:right">Rule accordingly</div>

(a) Vid. 2 Wheeler's Criminal Cases, 1. 24 Nile's Register, 412, under date of August 30, 1823. Case of Edward Short. Murder in Ireland.